## 57560. FULTON COUNTY v. WILLIAMS.

McMURRAY, Presiding Judge.

On December 15, 1976, at a regular meeting of the Employees Pension Board, Fulton County, Georgia, it considered a request for a service-connected disability pension sought by Mrs. Beatrice Williams, a Fulton County employee. She was notified by letter dated December 22, 1976, that the members denied her request, although the record does not disclose when she received this letter of denial.

On January 19, 1977, Mrs. Williams sought a review of this decision by filing her petition for the grant of a writ of certiorari in the Superior Court of Fulton County, Georgia. The petition was duly sanctioned, and an answer to same was timely filed. Thereafter, the board sought to dismiss the application as not having been timely applied for after the final determination of the case. This motion was denied after a hearing, the court stating therein that the 30-day period in which the petition of certiorari must be filed (Code Ann. § 19-209; Ga. L. 1961, pp. 190, 191), "began to run on December 22, 1976, the date of service." The court also found that neither petitioner nor her counsel were present on December 15, 1976, when the

determination was made by the pension board to deny her a disability pension and to hold otherwise would be a denial of due process of law to the petitioner. The letter does not state when the determination was made, although her request was considered at the regular monthly meeting, December 15, 1976.

Subsequently, the case came on for trial, and the superior court rendered a finding of facts that the decision of the Fulton County Employees Pension Board was erroneous as a matter of law in that said decision was not supported by sufficient evidence. The court likewise rendered a conclusion of law that the petitioner was entitled to be awarded a service-connected disability.

The respondent (board) appeals, enumerating error only that the superior court erred in denying the motion to dismiss, contending the sanction to review the decision was not timely obtained. *Held:*

Since the transcript of the proceeding below is not here before us we must accept the findings of fact by the superior court in its order of denial of the motion to dismiss that the application for the writ of certiorari was applied for within 30 days after the final determination of the case and that determination is dated December 22, 1976. That letter further states that the application for the service-connected disability pension was considered on December 15, 1976, but does not state it was denied on that date. The superior court did not err in dismissing the motion to dismiss.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED MAY 29, 1979 —
REHEARING DENIED JUNE 28, 1979.

*Webb, Young, Daniel & Murphy, David E. Betts,* for appellant.

*A. Glen Steedley, Jr.,* for appellee.