## 77489. ANDREWS v. TRUSTEES OF THE GENERAL EMPLOYEES' PENSION FUND OF ATLANTA.
(375 SE2d 902)

Banke, Presiding Judge.

Alleging that he had been disabled by a series of work-related injuries while employed as an electrician by the City of Atlanta, the appellant applied to the Board of Trustees of the General Employees' Pension Fund of the City of Atlanta ("Board") to be awarded a disability pension. A hearing was held on the petition on March 10, 1987. In a certified letter dated March 13, 1987, the board notified the appellant that his application had been denied on March 10, 1987, and that its decision was subject to review by writ of certiorari to the Superior Court of Fulton County "within thirty days of the date of the board's decision."

The appellant appealed to the superior court by application for writ of certiorari on April 13, 1987, which was within 30 days from the date of the board's letter but not within 30 days of the date the board had actually reached its decision. The superior court dismissed the application, and we granted the appellant's subsequent application to this court for a discretionary appeal. *Held:*

1. This case is controlled by our decision in *Fulton County v. Williams*, 150 Ga. App. 496 (258 SE2d 155) (1979), wherein the pension board had notified the claimant of an adverse ruling on his pension claim in a letter which post-dated the hearing on the claim by one week. We held in that case that the 30-day period in which the petition for certiorari was required to be filed (see OCGA § 5-4-6) began to run on the date of the notification letter rather than the date of the hearing at which the board had rendered its decision. We cannot agree with the appellee that the holding in *Fulton County v. Williams* is inapplicable to the facts of the present case because the notification letter at issue there had failed to specify the date the board had reached its decision, whereas the letter in the prsent case did specify the date the board had reached its decision. In both cases, it was the letter which provided the petitioner with his initial notification that his claim had been rejected by the board. To hold that the time for appeal begins to run on the date the decision is made rather than the date the petitioner is notified of it would result in the denial of the petitioner's right of appeal in a case where the notification letter was not sent within 30 days from the date of the decision. Accordingly, we hold that the trial court erred in dismissing the appellant's petition for certiorari as untimely in the present case.

2. While both parties seek to argue the merits of the pension claim, such argument is premature inasmuch as no decision on the merits has yet been rendered by the superior court.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

Decided December 2, 1988.

*Hazleton & Sweet, John F. Sweet*, for appellant.

*David D. Blum, Marva J. Brooks*, for appellee.